NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2016

FOR THE NINTH CIRCUIT

HILDEBRANDO VARGAS,

    Petitioner-Appellant,

v.

R. M. DIAZ,

    Respondent-Appellee.

No. 15-15676

D.C. No. 3:13-cv-01584-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted November 17, 2016[**]
San Francisco, California

Before: SCHROEDER, WARDLAW, and OWENS, Circuit Judges.

  Hildebrando Vargas ("Vargas") appeals the district court's denial of his 28

U.S.C. § 2254(d) petition for a writ of habeas corpus. Vargas contends that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state court unreasonably applied clearly established federal law when it: (1) held that the Sixth Amendment's speedy trial provision did not attach upon the filing of a criminal complaint,  (certified issue); and (2) denied Vargas an evidentiary hearing to show that his attorney failed to warn him of the immigration consequences of his plea, (uncertified issue).

**1.**     The state court reasonably applied clearly established federal law when it held that the Sixth Amendment's speedy trial provision did not attach upon the filing of a criminal complaint.  The Supreme Court has held that the Sixth Amendment's speedy trial provision attaches upon the filing of a "formal indictment or information" or by "arrest and holding to answer a criminal charge[.]" *United States v. Marion*, 404 U.S. 307, 320 (1971) (alteration in original).  The Court has not addressed whether, like an indictment or information, a criminal complaint also triggers the speedy trial provision.  "If Supreme Court cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law." *Hedlund v. Ryan*, 815 F.3d 1233, 1239–40 (9th Cir. 2016) (citation and internal quotation marks omitted).

Accordingly, because it was not clearly established that the Sixth Amendment's speedy trial provision attaches upon the filing of a criminal

complaint, the state court did not unreasonably apply clearly established federal law in holding that it did not.

**2.** We deny Vargas's motion to expand the Certificate of Appealability to encompass the uncertified issue because he has not made a "substantial showing of the denial of a constitutional right." *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam) (citation and internal quotation marks omitted). The state court's holding that Vargas could not show prejudice from his attorney's allegedly deficient performance was not unreasonable. *See Strickland v. Washington*, 466 U.S 668, 694 (1984).

**AFFIRMED.**